[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11258
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00175-SCJ

KERRON BROWN,
JUSTIN MALLORY,

                              Plaintiffs-Appellants,

versus

SIRCHIE ACQUISITION COMPANY, LLC,
CITY OF ATLANTA,
CITY OF DOUGLASVILLE, GA,
MICHAEL WISKEMANN,
ARTHUR FERNKORN,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 25, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sirchie Acquisition Company sells drug-testing kits to the Atlanta Police Department and the Douglasville Police Department. During a traffic stop, Atlanta police used one of the kits to test baking ingredients found in Justin Mallory's car for drugs. The kit generated positive results, but later, after Mallory spent weeks in jail, forensic lab tests showed that the kit results were wrong. Similarly, the Douglasville police used one of the kits to test vitamins found in Kerron Brown's backpack for drugs, the kit generated positive results, and after Brown spent weeks in jail, forensic lab tests showed that the kit results were wrong.

Following their releases from jail, Mallory and Brown filed a complaint against Sirchie, the City of Atlanta, the City of Douglasville, and the police officers involved in Mallory's arrest—Michael Wiskemann and Arthur Fernkorn. Mallory and Brown raised a variety of claims under Georgia state law and 42 U.S.C. § 1983. They alleged products-liability claims against Sirchie; negligence, vicarious liability, and failure-to-train-and-supervise claims against Atlanta, Wiskemann, and Fernkorn; and § 1983 *Monell*[1] claims against Atlanta and Douglasville. The district court dismissed all the claims on the pleadings. Mallory and Brown now appeal the dismissal.

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

Mallory and Brown argue that the district court erred in (1) determining that Wiskemann's and Fernkorn's actions, as pleaded, were discretionary in nature, (2) finding that their complaint does not set forth sufficient allegations to support a plausible § 1983 *Monell* claim, and (3) denying their motion to amend.[2] After careful consideration of these arguments, we find no reversible error. Therefore, we affirm.

**AFFIRMED.**

---

[2] Mallory and Brown initially raised additional arguments challenging the dismissal of their claims against Sirchie. But Mallory, Brown, and Sirchie since filed a joint motion requesting dismissal of Mallory and Brown's appeal as to Sirchie. We **GRANT** Mallory, Brown, and Sirchie's joint motion to dismiss.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 25, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-11258-DD
Case Style: Kerron Brown, et al v. Sirchie Acquisition Company, et al
District Court Docket No: 1:16-cv-00175-SCJ

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Sandra Brasselmon, DD at (404) 335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs